1  CURTIS E. ALLEN, ESQ. SBN 187748
2  303 Twin Dolphin Drive, Suite 600
   Redwood City, CA 94065
3  Ph 650 868 6620; Fax 650 362 1864
   Curtis.e.allen.esq@gmail.com
4  www.curtiseallenesq.com

5  Attorney for Plaintiff Virginia Johnson

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10
    VIRGINIA JOHNSON,            )  CASE NO. _____
11                               )
                      Plaintiff, )  **PLAINTIFF'S COMPLAINT**
12                               )
              v.                 )  **42 USC SECTIONS 1983**
13                               )  **[4TH AND 14TH AMENDMENTS TO U.S.**
    COUNTY OF ALAMEDA, ALAMEDA   )  **CONSTITUTION]**
14  COUNTY SHERIFF'S OFFICE, SHERIFF )
    GREGORY AHERN (OFFICIAL      )  **DEMAND FOR JURY TRIAL**
15  CAPACITY), FORREST LATORRE   )
    (INDIVIDUAL AND OFFICIAL     )
16  CAPACITIES),                 )
                                 )
17                    Defendants.)
                                 )
18  _____)

19                            **PARTIES**

20    1.   Plaintiff Virginia Johnson ("Ms. Johnson" or "Plaintiff") at all times relevant
21  herein is and was a Black woman over the age of 18 residing in Alameda County, California.
22    2.   Defendant County of Alameda ("Alameda County") at all times relevant herein is
23  and was a local government agency within which operates Defendant Alameda County
24  Sherriff's Office and the Santa Rita Jail.
25    3.   Defendant Alameda County Sherriff's Office at all times relevant herein is and
26  was a local government agency operating within the County of Alameda and operating the
27  Santa Rita Jail.
      4.   Defendant Sheriff Gregory Ahern at all times relevant herein is and was an
28

-1-

COMPLAINT FOR DAMAGES

employee of the entity Defendants and operated the Alameda County Sheriff's Office and Santa Rita Jail.  Defendant Ahern is sued in his official capacity.

**5.**   Defendant Forrest Latorre at all times relevant herein is and was an employee of the entity Defendants working at Santa Rita Jail.  Defendant Latorre at all times relevant herein is and was a Deputy Sheriff.  Defendant Latorre is sued in his individual and official capacities.

**JURISDICTION AND VENUE**

6.   This Court has original jurisdiction over Plaintiff's federally based legal claims. (28 USC §§ 1331.)

7.   Venue in the United States District Court, Northern District of California is appropriate, as the unlawful conduct alleged in this Complaint took place in the County of Alameda, which is within the Northern District.  (28 USC §§ 1331.)

**GENERAL ALLEGATIONS**

8.   On or about August 28, 2014 Ms. Johnson was a pre-conviction detainee housed at Santa Rita Jail; she had been brought to and held at Santa Rita Jail based on an alleged probation violation warrant.

9.   When it came her time to be transported to Court to address the alleged probation violation warrant issue, Ms. Johnson was complying with all directives given by Santa Rita and entity Defendants' employees and agents.

10.   When it came time to fall in line with the other in custody personnel Ms. Johnson complied as directed.

11.   But while she was complying, without any resistance or provocation on her part, and without any just cause, Defendant Latorre intentionally and with malice assaulted Ms. Johnson.

12.   Defendant Latorre's assault included grabbing her neck and slamming her against the wall and then from the wall throwing her to the ground.

13.   Defendant Latorre also drove his knee in Ms. Johnson's back while she was on the ground.

14.   During the encounter Defendant Latorre also bent Ms. Johnson's arms back to the point that she believed they would break.

15. During the encounter, after pressing her to the ground Defendant Latorre grabbed Ms. Johnson by the shirt at her chest level and violently jerked her to an upright position, injuring Ms. Johnson's foot in the process.

16. As a result of the encounter, Defendant Latorre injured Ms. Johnson's entire body, including but not limited to her back, chest, legs, feet and arms.

17. Other Santa Rita personnel employed by the entity Defendants were in the area and witnessed the entirety of the events described above, but failed to intervene to stop the assault on her.

18. The Other employees and agents referenced in the previous Paragraph included but were not limited to Officers or Deputy Sheriffs Smith and Lambert

19. Despite Ms. Johnson crying from the pain and obviously in pain, Defendant Latorre and the other employees and agents in the area who witnessed the assault intentionally failed to stop the assault and failed to provide Ms. Johnson with access to appropriate medical treatment thereafter, which she needed.

20. Ms. Johnson did have an x-ray done and was initially given Motrin for the pain, but the Defendants and the entity Defendants' other employees and agents failed to allow Ms. Johnson to have a follow up medical attention and treatment based on the x-ray or appropriate medication based on her pain.

21. Between on or about August 28 and mid-September, 2014, Ms. Johnson was in custody at Santa Rita Jail following a Court decision that she serve time for a probation violation.

22. Both at the time of her initial injury and while in custody on the probation violation she specific requests to Santa Rita Jail Staff for medical attention due to her injuries.

23. On or about September 13, 2014, and while still in custody, Ms. Johnson submitted an inmate grievance form complaining that her requests for medical treatment had been denied, and she again requested medical attention.

24. Like her previous requests, Ms. Johnson's September 13, 2014's request for medical attention went unfulfilled by the entity Defendants and their employees and agents.

25. All named Defendants and other entity Defendants' employees and agents witnessing the events described in the Previous paragraphs were each subjectively and

-3-

COMPLAINT FOR DAMAGES

objectively deliberately indifferent to the high likelihood that the assault on Ms. Johnson violated her Federal Constitutional rights including but not limited to: 1) substantive and procedural due process rights embodied in the 14th Amendment and rights embodied in the 4th Amendment (due process, freedom from excessive force and cruel and unusual punishment, unreasonable search and seizure, right to medical attention).

26. All named Defendants and other entity Defendants' employees and agents witnessing the events described in the previous Paragraphs were each at a minimum deliberately indifferent to the high risk and damages to Ms. Johnson's health and safety which would result from the aforementioned assault she received and the ongoing failure to have her injuries medically treated.

27. All named Defendants and other entity Defendants' employees and agents who received and/or reviewed Ms. Johnson's oral and/or written requests for medical attention were each at a minimum deliberately indifferent to Ms. Johnson's physical pain and need for medical attention as well as the deprivation of 4th and 14th Amendment rights embodied in her rights: a) to adequate medical attention, b) to be free from excessive force, c) to be free from cruel and unusual punishment, d) to be free from unreasonable search and seizure, and e) to be free from physical assault and pain.

28. The non-entity Defendants and other entity Defendants' employees and agents referenced herein were acting under color of law at all relevant times referenced herein.

29. The entity Defendants and Defendant Ahern each failed to adequately train their employees and agents, and that failure to train stemmed from a deliberate indifference to the rights of persons such as Ms. Johnson, with whom the employees would come into contact.

30. The failure to adequately train, and/or monitor compliance with training, if any exists, rises to the level of a municipal policy which denies detainees such as Ms. Johnson their 4th and 14th Amendment rights.

31. The individual and entity Defendants, Defendant Ahern and all entity Defendants' employees and agents acted under color of law in creating a pattern and practice of depriving individuals of their Federal Statutory and Constitutional rights.

**DAMAGES**

32. As a result of Defendants' and their employees' and agents' conduct, Ms. Johnson sustained and will continue to sustain lost wages and benefits in an amount to be determined according to proof.

33. As further proximate result of Defendants' and their employees' and agents' actions as alleged herein, Ms. Johnson was humiliated, hurt and injured in her health, strength and activity, and suffered and continues to suffer loss of reputation, good will and standing in the community, scorn and humiliation, embarrassment, mental and physical anguish and suffering, depression, anxiety, loss of enjoyment of life, and general loss of self-esteem and well-being, all to Ms. Johnson's damage in an amount to be shown according to proof.

34. Defendants' and their employees' and agents' actions as set forth herein were willful, wanton, malicious and oppressive in that each Defendant and its employees and agents – knew or should have known that their conduct was unreasonable, illegal, and in violation of Ms. Johnson's Federal Constitutional and Statutory rights and well-being.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**42 USC § 1983 & FOURTTH & FOURTEENTH AMENDMENTS**

**AGAINST ENTITY DEFENDANTS, AHERN (OFFICIAL CAPACITY)**

**& LATORRE (OFFICIAL CAPACITY)**

32. Ms. Johnson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

33. This claim is brought pursuant to 42 U.S.C. § 1983 against Defendants identified in the First Cause of Action heading.

34. At all times referenced herein, Ms. Johnson was entitled to the protections set forth in 42 U.S.C. § 1983, including the right to be free from violation of her rights as protected by the 4th and 14th Amendments of the United States Constitution.

35. At all times referenced herein, Defendants were bound to follow the law as set forth in 42 U.S.C. § 1983 and the 4th and 14th Amendments of the United States Constitution.

36. Defendants violated Ms. Johnson's rights under 42 U.S.C. § 1983 and the 4th and 14th Amendments.

37. As a proximate result of Defendants' violation of 42 U.S.C. § 1983 and the 4th and

14th Amendments as set forth herein, Ms. Johnson suffered damages as more fully set forth above.

38.   WHEREFORE, Ms. Johnson requests relief as hereinafter set forth herein.

## SECOND CAUSE OF ACTION
## 42 USC § 1983 & FOURTH & FOURTEENTH AMENDMENTS
## AGAINST DEFENDANT LATORRE (INDIVIDUALLY)

32.   Ms. Johnson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

33.   This claim is brought pursuant to 42 U.S.C. § 1983 against Defendant identified in the Second Cause of Action heading.

34.   At all times referenced herein, Ms. Johnson was entitled to the protections set forth in 42 U.S.C. § 1983, including the right to be free from violation of her rights as protected by the 4th and 14th Amendments of the United States Constitution.

35.   At all times referenced herein, Defendant was bound to follow the law as set forth in 42 U.S.C. § 1983 and the 4th and 14th Amendments of the United States Constitution.

36.   Defendant violated Ms. Johnson's rights under 42 U.S.C. § 1983 and the 4th and 14th Amendments.

37.   As a proximate result of Defendant's violation of 42 U.S.C. § 1983 and the 4th and 14th Amendments as set forth herein, Ms. Johnson suffered damages as more fully set forth above.

38.   WHEREFORE, Ms. Johnson requests relief as hereinafter set forth herein.

## REQUEST FOR RELIEF

WHEREFORE, Ms. Johnson requests judgment against all Defendants, and each of them, as follows:

1.   For general damages, including, without limitation, for mental and emotional distress according to proof;

2.   For compensatory and related damages due to the economic loss including but not limited to lost past and future wages and benefits, according to proof;

3.   For punitive damages against the individual Defendants according to proof;

4. For an award of interest, including prejudgment and post-judgment interest, at the legal rate;

5. For an award of attorneys' fees;

6. For costs of suit incurred;

7. For such other and further relief as the Court deems appropriate.

**<u>DEMAND FOR A JURY TRIAL</u>**

Plaintiff demands a jury trial.        CURTIS E. ALLEN, ESQ.

Dated August 26, 2016                  __//s_____Curtis E. Allen_____
                                       Attorney for Plaintiff Virginia Johnson

COMPLAINT FOR DAMAGES