UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA JOHNSON,<br>　　　　Plaintiff,<br>　v.<br>COUNTY OF ALAMEDA, et al.,<br>　　　　Defendants. | Case No. 16-cv-04933-SK<br><br>**ORDER DIMISSING ACTION** |

On November 17, 2017, the parties filed a stipulation regarding the case management conference in light of the Plaintiff's death. (Dkt. 54.) Federal Rule of Civil Procedure 25 ("Rule 25") provides, in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Neither in the stipulation nor at the case management conference held on November 27, 2017, did Plaintiff's counsel seek an extension of the ninety-day time limit to file a substitution of party or otherwise inform the Court that he anticipated any difficulty in substituting in a proper party.

The ninety-day deadline would have expired on February 15, 2018. However, at a further case management held on January 29, 2018, the Court extended the deadline to substitute in a plaintiff to April 23, 2018. The Court admonished Plaintiff's counsel that the Court would not move that deadline again.

On April 23, 2018, the day of the deadline, the parties filed a further joint case management statement. At the further case management conference on April 30, 2018, the Court

noted that the deadline had passed.  Nevertheless, the Court provided Plaintiff one more extension to substitute in the decedent's representative or successor to May 25, 2018.  The Court admonished Plaintiff's counsel that, if there was no substitution of a proper party by the May 25, 2018 deadline, the Court would most likely dismiss the case.

On May 25, 2018, Plaintiff's counsel requested yet another extension.  The Court has already provided two extensions of the deadline.  Both times, the Court warned Plaintiff that it would not provide any further extensions.  More than six months have passed since the parties informed the Court that the Plaintiff had died.  In light of Plaintiff's failure to substitute in a proper party pursuant to Rule 25, the Court HEREBY DISMISSES the action.

**IT IS SO ORDERED**.

Dated: May 29, 2018



SALLIE KIM
United States Magistrate Judge

2